IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMON MESTRE, JR. | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.     PARTIES**

1.     Plaintiff, Ramon Mestre, Jr., is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2522 N. Franklin Street, Philadelphia, PA 19133.

2.     Defendant is the United States of America.

**II.     JURISDICTION AND VENUE**

3.     Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

5.     Plaintiff timely filed an administrative claim with the United States Postal Service on or about October 13, 2024.

6.     More than six months have passed since the filing of the administrative claim, but to date, that agency has not taken action on the claim.

7.     Therefore, pursuant to 28 U.S.C. § 2675(a), Plaintiff may deem the claim denied and file the instant lawsuit.

1

### III. STATEMENT OF CLAIMS

8. At all times material herein, Defendant, United States of America, acting by and through its agents, servants, employees, workmen and/or other representatives, including Christopher Hare, Jr., who were acting within the course and scope of their employment, agency and/or service for the same, owned, leased, possessed, maintained, controlled and/or operated a certain white 2022 Grumman Long Life Vehicle with Pennsylvania license plate No. 2205707.

9. On or about August 15, 2024, Plaintiff, Ramon Mestre, Jr., was operating a certain black Oraimo Monster 100 Electric Bike, which was lawfully proceeding westbound on East Erie Avenue in Philadelphia, Pennsylvania, when it was involved in the motor vehicle accident hereinafter described.

10. On or about August 15, 2024, Plaintiff, Ramon Mestre, Jr., was operating the aforesaid black electric bike, which was lawfully proceeding westbound on East Erie Avenue in Philadelphia, Pennsylvania, when, suddenly and without warning, the aforesaid Grumman Long Life Vehicle owned by Defendant, United States of America, and operated by Defendant's employee, Christopher Hare, Jr., who was acting within the course and scope of his employment with Defendant, attempted to turn right from East Erie Avenue onto D Street without proper clearance, thereby causing a collision with Plaintiff's vehicle and resulting in the severe and permanent injuries hereinafter described.

11. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant and was due in no manner to any act or failure to act on the part of the Plaintiff.

## COUNT I
## RAMON MESTRE, JR. v. UNITED STATES OF AMERICA
## NEGLIGENCE

12. Plaintiff hereby incorporates by reference paragraphs one (1) through eleven (11) of the within Complaint as though the same were fully set forth at length herein.

13. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, United States of America, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, more specifically, Christopher Hare, Jr., generally and in the following particular respects:

(a) failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

(b) operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

(c) operating the aforesaid motor vehicle in an unsafe, negligent and careless manner without due regard for the rights and safety of those lawfully upon the roadway, including the Plaintiff, Ramon Mestre, Jr., more specifically, improperly attempting a right turn without adequate clearance to do so and failing to yield to the right-of-way of Plaintiff;

(d) failing to allow adequate clearance before attempting to make a right turn in front of the Plaintiff's vehicle;

(e) driving while distracted and failing to maintain full attention to the operation of the vehicle;

(f) failing to give proper and sufficient warning of the approach of the aforesaid motor vehicle;

(g) failing to maintain a proper and adequate lookout on the roadway;

(h) failing to observe traffic patterns and conditions;

(i) failing to regard the point and position of Plaintiff's vehicle upon the roadway;

(j) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(k) failing to properly determine the distance between Defendant's aforesaid vehicle and Plaintiff's vehicle so as to avoid a dangerous collision of the type that seriously injured the Plaintiff; and

(l) otherwise failing to exercise due and proper care under the circumstances.

14. By reason of the aforesaid negligence of the Defendant, Plaintiff Ramon Mestre, Jr. has suffered severe and permanent injuries, including, but not limited to: closed displaced comminuted mid-shaft fracture of left clavicle with superior apex angulation; sprain of left shoulder joint; sprain of ligaments of cervical, thoracic, and lumbar spine; disc herniation at C7-T1 disc herniations at C3-C4 and C6-C7 with adjacent spondylotic change; disc herniation at L5-S1; diffuse disc bulges at L3-L4 and L4-L5; straightening of cervical curve likely due to muscular spasm or soft tissue injury; closed head injury; 2 cm full-thickness laceration of the left eyebrow (sutured); abrasion of head; abrasion of left knee; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

15. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

16. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur

such loss for an indefinite period in the future.

17. As a direct and reasonable result of the aforementioned motor vehicle accident, Plaintiff may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq., as amended, for which he claims damages herein.

18. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

19. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable, and severe.

20. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

21. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

22. Plaintiff in no manner contributed to his injuries, which were the direct and proximate result of the Defendant's negligence and carelessness.

23. At all times relevant hereto, Plaintiff is and has been entitled to Full-Tort status under the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Ramon Mestre, Jr., demands judgment against Defendant, United States of America, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with any such other relief as the Court deems adequate, just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims.

Respectfully submitted,

**SWARTZ CULLETON FERRIS**

By:  /s/ Caroline Fruchter
Caroline Fruchter, Esquire
Identification No. 331662
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
*Attorney for Plaintiff*,
Ramon Mestre, Jr.

Date: October 30, 2025